**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IN ADMIRALTY**
**8:15-cv-2895-T-23TBM**

**IN RE:**

**PETITION OF DONALD J. RUTH and**
**BRENDA RUTH, as titled owners of and for a**
**37' 2000 INTREPID POWERBOAT, hull**
**identification number IBW37009B000, her**
**engines, tackle, and appurtenances, for**
**Exoneration From or Limitation of Liability,**

      **PETITIONERS.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Petitioners' **Motion for Entry of Order Approving Petitioners' Ad Interim Stipulation and Directing Issuance of Monition and Injunction** (Doc. 5) and Supplemental Pleading of Written Notice Received (Doc. 11). Petitioners also have filed: (1) a Petition[1] for Exoneration From or Limitation of Liability (Doc. 1); (2) an Amended Notice of Petition for Exoneration From or Limitation of Liability (Doc. 6); (3) an Ad Interim Stipulation of Value and Stipulation for Costs (Doc. 3); and (4) a Notice of Filing Amended Proposed Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction (Doc.7). For the reasons that follow, it is recommended that the Motion be **GRANTED**.

---

[1] Rule F states that a vessel owner may file a "complaint." For ease of reference, the terms Petition and Petitioners are used herein.

A.

On December 21, 2015, Petitioners, owners of a 37' 2000 Intrepid Powerboat, hull identification number IBW37009B000, her engines, tackle, and appurtenances (the "Vessel"), filed this action pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, (the "Act"), and within the Admiralty and Maritime Jurisdiction of this Court under 28 U.S.C. § 1333, Federal Rule of Civil Procedure 9(h), Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and Local Admiralty Rule 7.06. According to the allegations in the Petition, the Petitioners and potential claimant, Bernard Rice, were onboard their Vessel at or near the shore of South Lido Beach in Sarasota County, Florida, on June 20, 2015.[2] Petitioner, Donald J. Ruth, was operating the Vessel. Without prior warning or notice to Petitioners, Mr. Rice dove from the vessel into the water. Mr. Rice alleges to have sustained injuries as a result. The Vessel was not physically damaged. (Doc. 1). Petitioners allege they received notice of a potential claim on July 2, 2015, in the form of a letter from Mr. Rice's attorney requesting insurance information within thirty days in accordance with Florida law.[3] (Doc. 11). Petitioners assert that the value of the Vessel at the time of the incident is no more than $85,000.00. (Doc. 1, ¶ 28). Petitioners seek exoneration from liability, or alternatively, limitation of liability, with respect to all losses, injuries, damages or

---

[2] The Petition (Complaint) is not verified. The local rules, however, do not direct that complaints in limitation actions be verified. *See* M.D. Fla. R. 7.01(e) (requiring verification of complaints and claims filed pursuant to Supplemental Rules (B), (C) and/or (D)).

[3] Florida Statute 627.4137 requires an insurer who may provide liability coverage to pay all or a portion of any claim to, "within 30 days of the written request of the claimant," provide information specified by the statute. Fla. Stat. § 627.4137(1).

any other claims arising out of the June 20, 2015, incident (the "Incident"). (Doc. 1). Shortly after filing their Petition, the Petitioners filed an Ad Interim Stipulation of Value and Stipulation for Costs (Doc. 3).

With this background, Petitioners ask the Court to (1) approve their Interim Stipulation of Value as security against any potential claims and Stipulation for Costs (Doc. 3), (2) enjoin the prosecution of any action or proceeding against them as owners of the Vessel with respect to the Incident, (3) set a monition period during which all claimants must file their claims in this Court, and (4) approve their proposed Amended Notice of Petition (Doc. 6). *See* (Doc. 5). Petitioners also request that the Court enter their Amended Proposed Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction. (Doc. 7-1).

B.

The Act grants a vessel owner the right to limit liability for claims of damage or injury arising from a maritime accident, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel and pending freight. 46 U.S.C. § 30505; *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). The Act applies to pleasure vessels. *Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1228-29 (11th Cir. 1990). Federal courts have exclusive admiralty jurisdiction to determine whether a vessel

owner is entitled to limited liability.[4] *Beiswenger Enters. Corp.*, 86 F.3d at 1036-37 (citations omitted).

The procedure for limitation actions is found in Supplemental Rule F. To invoke protection under the Act, a vessel owner files a complaint in federal court for limitation of liability not later than six months after receiving written notice of a claim. The owner also deposits with the court a sum equal to the amount of the owner's interest in the vessel, or approved security therefore, and gives security for costs. Fed. R. Civ. P. Supp. Rule F(1). When the vessel owner complies with the provisions of Rule F(1), the district court shall stay all proceedings against the owner or the owner's property and direct all potential claimants to file their claims against the owner in the district court within a specified period of time. Fed. R. Civ. P. Supp. R. F(3), (4).

C.

On review of the record, I find that Petitioners have met the requirements of the Act and Supplemental Rule F. Petitioner, Don Ruth, alleges that he exercised due diligence to make the Vessel seaworthy in all respects, and both Petitioners allege they were qualified, properly trained, and experienced in the use and operation of the Vessel at all material times. (Doc. 1, ¶¶ 7, 8). Petitioners further state that the Petition was filed within six months of the

---

[4]There are, however, two exceptions. The first exception arises where the limitation fund exceeds the aggregate amount of all the possible claims against the vessel owner. The second exception exists where there is only one claim to the limitation fund, and the single claimant enters certain stipulations designed to protect the vessel owner's rights under the Act. Multiple claimants may enter appropriate stipulations to create the functional equivalent of the single claimant exception. *Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1064, 1066 n.2 (11th Cir. 1996) (citations omitted).

first written notice of any claim. (Doc. 11). Pursuant to their Ad Interim Stipulation of Value and Stipulation for Costs, Petitioners stipulate that they will issue the sum of $85,000.000 in the form of a surety Letter of Undertaking ("LOU"), with interest at a rate to be determined by the Court and costs, which LOU shall issue and be filed with the Court within fifteen (15) days after the demand therefore by a claimant. (Doc. 3).

For these reasons, it is **RECOMMENDED** that Petitioners' **Motion for Entry of Order Approving Petitioners' Ad Interim Stipulation and Directing Issuance of Monition and Injunction** (Doc. 5) be **GRANTED**. It is **RECOMMENDED** further that the Court:

(1)   Approve Petitioners' Ad Interim Stipulation of Value as security against any potential claims and Stipulation for Costs[5] (Doc. 3) and direct Petitioners to issue the sum of $85,000 in the form of a surety Letter of Undertaking, with interest at a rate of 6%, and file the same with the Court for the benefit of potential claimants as security for the value of the Vessel within 15 days of a claim being filed;

(2)   Enjoin the prosecution of any action or proceeding against Petitioners as owners of the Vessel with respect to the Incident;

(3)   Set a monition period of sixty (60) days during which all claimants must file their claims in this Court;

(4)   Approve Petitioners' proposed Amended Notice of Petition (Doc. 6) and direct Petitioners' prompt compliance with Local Rule 7.06(b);[6] and

---

[5] The amount for security of costs under Rule F(1) is $250.00. Unless otherwise ordered, it may be combined with the security for value and interest. M.D. Fla. R. 7.05(e)(3).

[6] At this stage of the proceedings, it is too late for Petitioners to comply with Local Rule 7.06(a), which states "[i]mmediately upon the commencement of an action to limit liability pursuant to Supplemental Rule (F), plaintiff shall, without further order of Court, effect publication of the notice in accordance with the provisions set forth in Supplemental Rule (F)(4) and Local Admiralty Rule 7.01(g)." M.D. Fla. R. 7.06(a).

(5)   Enter Petitioners' Amended Proposed Order Approving Ad Interim Stipulation and Directing Issuance of Monition and Injunction consistent herewith (Doc. 7-1).

> Respectfully submitted on this
> 26th day of January 2016.
>
> _____
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

## NOTICE OF EXPEDITED OBJECTION PERIOD

Failure to file written objections to the proposed findings and recommendations contained in this report within five (5) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
United States District Judge, Steven D. Merryday
Counsel of Record