UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE 37' 2000 INTREPID
POWERBOAT,

_____

DONALD J. RUTH, et al.,

      CASE NO. 8:15-cv-2895-T-23TBM

    Plaintiffs.

_____/

**ORDER**

Donald J. Ruth and Brenda Ruth are "owners of a 37' 2000 Intrepid Powerboat, hull identification number IBW37009B000, her engines, tackle, and appurtenances" (collectively, the Vessel). (Doc. 1 at 1) On December 21, 2015, the Ruths sued (Doc. 1) for exoneration from, or limitation of, liability arising from a June 20, 2015 voyage of the Vessel (the Incident). Supplemental Rule F(1), Federal Rules of Civil Procedure, states:

> Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court, as provided in subdivision (9) of this rule, for limitation of liability pursuant to statute. The owner . . . shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor . . . . The plaintiff shall also give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security.

The Ruths assert that "the value of the Vessel at the time of the Incident is no more than" $85,000. (Doc. 1 ¶ 28) In an "Ad Interim Stipulation of Value and Stipulation for Costs" (Doc. 3), the Ruths stipulate that "within fifteen (15) days after

the demand therefore by any claimant," they will issue and file a "letter of undertaking" in the amount of $85,000.  The Ruths move (Doc. 5) "for Entry of an Order . . . Approving [the] Ad Interim Stipulation and Directing Issuance of Monition and Injunction."

A January 26, 2016 report (Doc. 12) recommends granting the Ruths' motion. A review of the report, the complaint, and the Ruths' motion reveals that the Ruths have complied with Supplemental Rule F(1).  Accordingly, the report and recommendation (Doc. 12) is **ADOPTED**, and the Ruths' motion (Doc. 5) is **GRANTED**.

The "Ad Interim Stipulation of Value and Stipulation for Costs" (Doc. 3) is **APPROVED**.  No later than fifteen days after any claim is filed, the Ruths must issue and file a letter of undertaking — in the amount of $85,000 and with 6% interest per annum from the date of this order — as security for the value of the Vessel.[*] For any reason stated in Supplemental Rule F(7), the Ruths or any claimant may move to increase or decrease the amount of security in the letter of undertaking.

Under Supplemental Rule F(3), "the further prosecution of any action or proceeding" against the Vessel or the Ruths arising from the Incident is **ENJOINED** until this action is resolved.  Under Supplemental Rule F(4), the Ruths' "Amended Notice of Petition for Exoneration from or Limitation of Liability" (Doc. 6) is

---

[*] Under Local Rule 7.05(e)(3), the "amount of security for costs under Supplemental Rule F(1) [is] $250, and [is] combined with the security for value and interest."

**APPROVED** for publication (the Approved Notice). The clerk is directed to issue the Approved Notice in accord with this order. Further, under Supplemental Rule F(4):

> a. Beginning no later than **MARCH 6, 2016**, the Ruths must, once a week for four successive weeks, publish the Approved Notice in a newspaper of general circulation in Sarasota County. The Approved Notice must urge the claimants "to file their respective claims with the clerk of the court and to serve on the attorneys for the [Ruths] a copy thereof on or before" **MAY 4, 2016**.
>
> b. No later than the day of the second publication, the Ruths must mail a copy of the Approved Notice "to every person known to have made any claim against the [Vessel] or the [Ruths] arising out of" the Incident.

ORDERED in Tampa, Florida, on February 2, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE