**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**IN ADMIRALTY
8:15-cv-2895-T-23TBM**

**IN RE:**

**PETITION OF DONALD J. RUTH and
BRENDA RUTH, as titled owners of and for a
37' 2000 INTREPID POWERBOAT, hull
identification number IBW37009B000, her
engines, tackle, and appurtenances, for
Exoneration From or Limitation of Liability,**

      **PETITIONERS.**
                                              /

**REPORT AND RECOMMENDATION**

This is a statutory proceeding brought in admiralty by Petitioners Donald Ruth and Brenda Ruth, as owners of a 37' 2000 Intrepid Powerboat, claiming the right to exoneration or limitation of liability from all claims arising out of a boating accident at or near the shore of South Lido Beach in Sarasota County, Florida, on June 20, 2015. Petitioners' **Motion for Entry of Final Default Judgment for Exoneration From Liability Against All Claimants Not Filing a Claim in This Action** (Doc. 28) is before the undersigned for issuance of a Report and Recommendation. (Doc. 29).

By their Motion, Petitioners seek entry of a final default judgment of exoneration from liability against all persons and entities, other than claimant Bernard L. Rice, who have not filed claims upon the Petition for Exoneration (Doc. 1) after due and proper notice. (Doc. 28). Because the undersigned finds that the required notice has been given and the time for filing a claim or answer has expired, it is respectfully **RECOMMENDED** that Petitioners'

Motion be **GRANTED** and that Final Default Judgment of Exoneration from Liability be entered as to all claimants that failed to file or otherwise state a claim by May 4, 2016.

**I.**

By way of background, on December 21, 2015, Petitioners filed this statutory proceeding pursuant to 46 U.S.C. §§ 30501, *et seq*., and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, claiming the right to exoneration from or limitation of liability for all claims arising out of an accident on June 20, 2015, in which claimant Bernard Rice sustained injuries after he dove off the recreational watercraft operated by Petitioner Donald Ruth while at or near the shore of South Lido Beach in Sarasota County, Florida.  (Doc. 1) (the "Limitation Action").  Petitioners seek exoneration pursuant to Supplemental Rule F(2) and, in the alternative, seek to claim and invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46, U.S.C. § 30501 (the "Act").

On February 2, 2016, the Court entered its Order approving Petitioners' Ad Interim Stipulation, directing Issuance of Monition and Injunction, approving Petitioners' Amended Notice of Petition for Exoneration from or Limitation of Liability, and staying all actions or proceedings against the Petitioners arising out of the June 20, 2015, accident, until the Limitation Action was resolved.  (Doc. 13).  That Order required all potential claimants to serve Petitioners' attorney with a copy of their claim no later than May 4, 2016, and it required Petitioners to publish the Approved Notice issued by the Clerk in a newspaper (as specified in Supplemental Rule F and Local Admiralty Rule 7.06) once a week for four successive weeks beginning no later than March 6, 2016, and to mail a copy of the Approved

Notice to every person known to have made a claim against the Petitioners arising out of the incident alleged in the Petition no later than the day of the second publication.  (Doc. 13).

The Clerk issued the Approved Notice on February 3, 2016, and Petitioners published the same as specified in the Court's Order.  *See* (Docs. 14, 15).  In addition, a copy of the Petition for Exoneration from or Limitation of Liability, a copy of the Court's Order Approving Petitioners' Ad Interim Stipulation and Directing Issuance of Monition and Injunction, and a copy of the Approved Notice issued by the Clerk were mailed via regular mail and express mail to counsel for claimant Bernard Rice.  (Doc. 15-2 at 2-3).  On April 8, 2016, Mr. Rice filed his Answer, Affirmative Defenses, and Claim.  (Doc. 16).  On May 2, 2016, Petitioners and Mr. Rice settled their dispute at mediation.  (Doc. 23).  On May 9, 2016, the district judge dismissed this action and the case was closed.  (Doc. 24).

On May 26, 2016, Petitioners moved to reopen the case for the limited purpose of seeking entry of a clerk's default and final default judgment against all non-filing claimants. (Doc. 25).  On June 22, 2016, the district judge granted the motion to reopen, directed the Clerk to enter default against potential claimants who failed to file a claim in this action by the May 4, 2016, deadline, and directed Petitioners to file a motion for default judgment. (Doc. 26).  The Clerk entered default in accordance with the Order.  (Doc. 27).  Thereafter, Petitioners filed their instant Motion.  (Doc. 28).

To date, Mr. Rice is the only claimant to have filed a claim in this action.  According to Petitioners' counsel, no other parties or potential claimants have contacted him or any other attorney at Sedgwick LLP with regard to filing a claim in this matter and to date, there has

3

been no request by any entities for an extension of time in which to answer, move, claim or otherwise appear in this Limitation Action. (Doc. 28 at 3, ¶¶ 11-12).

## II.

In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure set forth strict deadlines for providing notice to potential claimants and filing claims. Pursuant to Supplemental Rule F(4):

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4). Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided . . ." Fed. R. Civ. P. Supp. F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

In cases arising under these rules, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration

4

from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled "[his] obligation to publish notice of the limitation proceeding . . . the Notice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (May 26, 2015) (quoting *In the Matter of X-Treme Parasail, Inc.*, No. 10 Civ. 711, 2011 WL 4572448, at *1 (D. Haw. Sept. 12, 2011)); *see also In the Matter of Reef Innovations, Inc*., No. 11-cv-1703, 2012 WL 195531, at *2 (M.D. Fla. Jan.6, 2012) (noting that a party seeking a default judgment on a complaint for exoneration from or limitation of liability must first publish a notice of the action in a newspaper for four consecutive weeks).

### III.

Petitioners have fulfilled their obligation to publish notice of the Limitation Action once a week for four consecutive weeks in the Sarasota Herald-Tribune and have mailed a copy of the Approved Notice and their Petition on those persons known to have made a claim as required by Supplemental Rule F and this Court's Order of February 2, 2016. The Approved Notice expressly states that the deadline for filing a claim and/or answer was May 4, 2016, and that the consequence of failing to file a timely claim and/or answer was being defaulted. Moreover, despite the deadline for filing an appropriate responsive pleading, potential claimants had forty-eight additional days to file a claim and/or answer before Petitioners filed the instant Motion. In short, the deadline mandated by the Court for filing claims/answers has expired, the only person to file a claim within the time set forth in the

Approved Notice was Mr. Rice and his claim has been resolved, and a clerk's default has been entered "against potential claimants who failed to file a timely claim by the May 4 [2016] deadline." (Doc. 27). Under these circumstances, Petitioners demonstrate that entry of final default is warranted. Accordingly, it is **RECOMMENDED** that the Motion (Doc. 28) be **GRANTED** and default judgment be entered against any and all potential claimants who have failed to respond to the Approved Notice by filing a claim within the established notice period.

> Respectfully submitted on this
> 23rd day of August 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
United States District Judge, Steven D. Merryday
Counsel of Record